**James Glenn BRANUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0207–CR.**

Court of Appeals of Texas, Tyler.

May 17, 1982.

Dean White, Canton, for appellant.

Richard Davis, Canton, for appellee.

PER CURIAM.

Our former opinion in this cause is withdrawn and the following substituted therefor.

This is an appeal from a conviction of the offense of possession of marijuana, in an amount over four ounces. The jury found appellant guilty, and the court assessed punishment at two years confinement in Texas Department of Correction.

Appellant contends the trial court erred in overruling his motion to suppress the evidence.

The following are the applicable facts of the case: The State's first witness, Bryan Aubrey Barnhardt, a highway patrolman for the Texas Department of Safety, testified that on February 5, 1981, he was on routine traffic patrol in Van Zandt County, Texas, on Interstate Highway 20. At approximately 1:15 p. m. of February 5, 1981, Officer Barnhardt stopped a red Camaro traveling at the rate of 81 miles per hour. Officer Barnhardt upon clocking the vehicle at 81 miles per hour, proceeded across the median and pursued the vehicle. Upon stopping the vehicle, both parties got out and met at the rear of appellant's vehicle. The testimony shows that appellant did not have a driver's license, but furnished Officer Barnhardt with a United States passport that identified appellant as James Glenn Branum. The passport showed that appellant was a resident of Brookhaven, Mississippi. The officer further testified that appellant stated to him that his driver's license was tied up in Mississippi. Since appellant was an out-of-state violator,

Officer Barnhardt took him before the Justice of the Peace in Van Zandt County, Texas, and a fine was set at that point for speeding and no valid driver's license.

The appellant had evidently informed the officer that he would not be able to post bond and upon that information, the officer called Chick's Wrecker Service to impound appellant's vehicle. The wrecker service was called to the scene from where appellant was stopped on Interstate 20. The officer stated that he waited a few minutes and the wrecker had not arrived so he decided to start back to Canton with appellant in custody. On the way, he met the wrecker. The officer stopped the wrecker and gave the keys to appellant's vehicle to the driver of the wrecker. The officer testified that at the time he left appellant's vehicle it was locked. The trunk of the vehicle was also locked. Officer Barnhardt stated that at the time of the arrest, he did not go into the trunk of appellant's vehicle. He stated that the appellant opened up the trunk so that he might be able to put his suitcase in the trunk. Officer Barnhardt testified that appellant unlocked the trunk of the vehicle, put the suitcase in the trunk, and shut it back and gave the key to the officer. The appellant was taken before Judge W. L. Campbell and arraigned on traffic charges. The appellant attempted to make bond, however, was unable to do so. At this point and time the officer went to Chick's Gulf Station where appellant's vehicle was located and conducted an inventory of appellant's vehicle. Prior to the introduction of the evidence, appellant raised the question of there being an illegal search and seizure. In a hearing outside the presence of the jury, Officer Barnhardt testified that there was a routine inventory taken of the contents of appellant's vehicle. Officer Barnhardt stated that the reason the inventory was made was to secure the belongings of appellant and for his own protection. At that point and time he stated that he was not looking for any type of contraband or illegal material. At the time he took the inventory he had no reason to believe that appellant had any type of controlled sub-

stance. He further stated that he saw nothing in the trunk when appellant placed his suitcase in the trunk upon the initial arrest by the officer. Specifically, the officer stated that when appellant opened the trunk to place his suitcase in the trunk, he did not notice a backpack. The officer also testified that the vehicle was left on the shoulder of the road and was not threatening traffic. He also stated that when he conducted the inventory, he had to use the key to get into the trunk of appellant's vehicle. The officer further stated that he checked the glove box of appellant's vehicle, the console of appellant's vehicle, the back of the car, and under the seats. All of this was done prior to looking into the trunk of appellant's vehicle. Upon opening the trunk, the officer searched and took inventory of appellant's suitcase. He next went to a backpack found in the trunk of appellant's vehicle and looked in it. In the backpack, the officer found two opaque plastic bags. The officer did not know what was in them, nor did he smell anything. The officer opened the white plastic bags and found what appeared to him to be marijuana inside the white bags.

Officer Barnhardt stated that he never considered obtaining a search warrant to search appellant's vehicle and saw no reason for obtaining a search warrant. The officer further stated that up until he found the marijuana, he had not found anything that related to drugs or drug paraphernalia in appellant's vehicle. Officer Barnhardt stated that he did not ask appellant for permission to look into the trunk of the vehicle, nor did he ask appellant for permission to look into his vehicle. Officer Barnhardt further stated that if appellant had been able to post bond, he would not have been incarcerated and had he not been incarcerated, there would have been no inventory.

The appellant's motion to suppress was overruled and the court allowed the evidence of the marijuana found in the backpack which was in appellant's vehicle to be presented for the jury's consideration.

Since this matter has been on appeal, the State has confessed error and has not filed a brief.

In *Gill v. State*, 625 S.W.2d 307 (Tex.Cr. App.1981), the Court of Criminal Appeals reviewed, on the State's Motion for Rehearing, the concept of "inventory searches." The Court stated that the concept of a true inventory search is not an exception to the warrant requirement of either the Fourth Amendment or of Art. I, § 9 of the Texas Constitution. The Court held that absent a showing of probable cause and exigent circumstances, a warrantless search of a locked automobile trunk is per se illegal.

In this case there was not a search warrant for the trunk of appellant's car. All the testimony clearly reveals that a true inventory of the locked trunk was being conducted. The evidence obtained should have been suppressed.

In view of the foregoing, we do not feel it necessary to review appellant's second ground of error as to the sufficiency of the evidence.

The judgment is reversed and the cause is remanded.